IRVING, J.,
for the Court:
¶ 1. Calvin Bernard Newson was convicted in Tate County Circuit Court of the sale of cocaine. This is his appeal wherein he alleges that the trial court erred in denying his motion for judgment notwithstanding the verdict or, in the alternative, for a new trial. We find no merit in Newsom’s assertion and affirm the trial judge.
FACTS
¶ 2. The Tate-Panola County Task Force conducted an undercover drug operation. They enlisted Betty Taylor as the confidential informant to buy drugs. Taylor was incarcerated at the Tate County jail when the task force contacted her about her willingness to serve as confidential informant. The task force requested her assistance because she knew the local cocaine dealers in the area.
¶ 3. On January 15, 1999, Taylor led the task force to a home occupied by Newson. Officer Chrestman drove Taylor to the house. Taylor was wired with a microphone and an attempt was made to videotape the buy. However, because of the angle of the camera the videotape did not record the transaction. Undercover agents, Bobby Burns and Don Bartlett, who were monitoring the transaction, were unable to see the actual transaction but *983 were able to monitor the audio portion of the sale.
¶ 4. At the home occupied by Newson, Taylor, standing outside of the residence, first asked for Joe Lee. A person, who is nameless in the record, stated that Joe Lee was not there. Taylor next proceeded to a window on the side of the house. She knocked and a person, whom she identified as Newson, raised the window. At trial, Officer Chrestman also identified Newson as the person who raised the window and sold the crack.
¶ 5. Taylor asked Newson whether she could buy $100 dollars worth of crack cocaine. After Newson determined that he could sell her the cocaine, Taylor returned to Officer Chrestman’s vehicle to get the $100 to purchase the drugs. Taylor testified that when she returned to the window she asked Newson to give her an extra “twenty” since she was already buying $100 worth. Newson complied and gave her the extra “twenty.” Officer Chrest-man testified that he observed Newson putting something in Taylor’s hand. When Newson returned to the vehicle, she had seven pieces of crack cocaine. Chrest-man instructed Taylor to keep the crack in her hand and in his view until they reached their designated meeting place. Once they reached the meeting place, she gave the cocaine to Officer Burns.
¶ 6. The officers did not arrest Newson immediately after the transaction. After Newson’s arrest, the funds used to buy the narcotics were not seized or found. New-son testified in his own behalf and denied selling the cocaine to Taylor. However, he admitted that the home, identified by Taylor and the officers as the situs of the transaction, belonged to his mother, but he contended that he visited there only occasionally.
ANALYSIS OF THE ISSUES

Sufficiency of the evidence

¶ 7. When we review the trial court’s denial of a motion for a JNOV, we must, with respect to each element of the offense, consider all of the evidence in the light most favorable to the verdict. Wetz v. State, 503 So.2d 803, 807 (Miss.1987). The credible evidence which is consistent with guilt must be accepted as true. Id. The prosecution must be given the benefit of all favorable inferences that may reasonably be drawn from the evidence. Id. Matters regarding the weight and credibility to be accorded the evidence are to be resolved by the jury. Id. We may reverse only where, with respect to one or more of the elements of the offense charged, the evidence so considered is such that reasonable and fair-minded jurors could only find the accused not guilty. Id.
¶ 8. Newson argues that there was insufficient evidence to support his conviction because his chief accuser, Betty Taylor, had a criminal record. He contends, because of this fact, she was not credible.' He also argues that there were inconsistencies between Taylor’s and Chrestman’s testimony concerning Chrestman’s view of the transaction. Taylor said Chrestman was 50 feet away, but Chrestman stated he was only 25 feet away. Additionally, New-son argues that Chrestman’s poor vision affected the credibility of his testimony.
¶ 9. When the trial judge denied Newson’s motion for new trial, he reasoned: “The questions raised about the witness, Betty Taylor, all go to credibility and not to admissibility. She’s certainly a competent witness to be presented by the prosecution, and whether the jury believed her or not is purely a lay question to be decided by the jury.” We could not agree more. It is the duty of the jury to best judge the credibility and weight of the witnesses in court. Hill v. State, 659 So.2d 547, 551 (Miss.1994). The jury was aware that Taylor was an admitted drug user and shoplifter. The jury was fully informed on all issues relating to Taylor’s credibility, yet it returned a verdict against Newson. Giving the prosecution the benefit of all favorable inferences, we *984 find that there was substantial credible evidence to support the jury’s verdict.
¶ 10. Taylor’s testimony was corroborated by Chrestman, who viewed the transaction, and by Bartlett, who listened to the audio as the transaction occurred. Prior to the purchase, Taylor had been searched and fitted with a hidden microphone. The conversation of the purchase was transmitted through a transmitter concealed under Taylor’s clothes.
¶ 11. Both Chrestman and Taylor identified Newson. Officer Chrestman, who was parked in front of Newsom’s mother’s home, testified to seeing the cocaine purchase at the window of the home. There was nothing obstructing his view. Chrest-man also testified to seeing Newson go to the window, shortly after Taylor had been directed to the window by someone in the yard. Shortly after Taylor was given the one hundred dollars to purchase the cocaine, she returned with what appeared to be seven rocks of crack cocaine in her hand. Chrestman identified Newson in the courtroom as the person he had seen sell the cocaine to Taylor from the window. Chrestman could see Newson’s face in the window when Newson handed Taylor the cocaine in exchange for the one hundred dollars. Chrestman had no doubts that it was Newson.
¶ 12. Taylor testified to knowing Newson for some time. At trial, Taylor identified Newson as the person from whom she had made the purchase. Taylor estimated that Newson was in the window for at least one minute. Taylor testified to directing Chrestman to Newson’s mother’s house, receiving one hundred dollars for the purchase of cocaine from Chrestman, purchasing cocaine from Newson and then returning to Chrestman’s car with seven rocks of cocaine in her hand. Chrestman testified that Taylor held the rocks in her open hand and at all times he kept Taylor’s hand under observation.
¶ 13. This assignment of error is utterly without merit. Not only is the evidence substantial, it is overwhelming.

Weight of the Evidence

¶ 14. Newson also claims that the verdict was against the overwhelming weight of the evidence. In reviewing claims that challenge the weight of the evidence, we must accept as true the evidence favorable to the State. Wetz, 503 So.2d at 812. We will reverse only when we are convinced that the trial judge has abused his discretion. Id. Further, where there is conflicting testimony, the jury is the judge of the credibility of the witnesses. Id. Based on the facts previously discussed, it is exceedingly clear that the trial court did not abuse its discretion in denying Newson’s motion for a new trial. This issue lacks merit.
¶ 15. THE JUDGMENT OF THE CIRCUIT COURT OF TATE COUNTY OF CONVICTION OF SALE OF COCAINE AND SENTENCE OF TWELVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH FIVE YEARS SUSPENDED PENDING DEFENDANT’S FUTURE BEHAVIOR, PLUS $5,000 FINE, IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO TATE COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, LEE, MOORE, MYERS, PAYNE, AND THOMAS, JJ„ CONCUR.